Benjamin Gassman, J.
The defendant moves to set aside the judgment of conviction of murder in the second degree, that he might plead guilty to manslaughter in the first degree.
The papers on file show that on September 29,1942 the defendant was indicted for the crime of murder in the second degree in that, on August 23, 1942, he struck and killed one Clifford Mac Williams with a knife. He was tried before Hon. James G. Wallace and a jury, which found him guilty of that charge on November 17, 1942. On December 21, 1942 he was duly sentenced to State prison for a term of not less than 20 years nor more than his natural life.
This is the fourth coram nobis application made by the defendant. On July 8,1952 he moved for a writ of error coram nobis on papers which alleged, in substance, the same matters contained in the letter on which the present motion is based. On July 8, 1952 his motion was denied by Hon. Jonah J. Gold-stein. (N. Y. L. J., July 9, 1952, p. 52, col. 5.) He appealed to the Appellate Division, First Department, from that order and on April 7, 1953 the Appellate Division affirmed the order (281 App. Div. 957).
On August 29,1953 he again moved for a writ of error coram nobis and among the grounds urged by him there, was the ground now asserted by him, to wit: that the District Attorney suborned perjury on the part of some of the People’s witnesses. On November 17,1953 the motion was denied by Hon. Abraham N. Geller, in a well-considered opinion, wherein Judge Geller said: ‘1 The law is clear that perjured testimony, knowingly used by the prosecution, is a proper basis for a writ of error coram nobis (Matter of Morhous v. Supreme Court, 293 N. Y. 131). However, bare, unsupported assertions of this character are insufficient to warrant setting aside a judgment of conviction (People v. Oddo, 300 N. Y. 649 ; People v. Fanning, 300 N. Y. 593 ; cf. Hysler v. Florida, 315 U. S. 411). Defendant’s affidavit does not support the allegations of subornation of perjury by the district attorney with any facts. Naked allegations of this character cannot create the requisite issue of fact to support a hearing (People v. Oddo, supra ; People v. Fanning, supra ; Hysler v. Florida, supra). ” (N. Y. L. J., Nov. 19, 1953, p. 1155, col. 6.)
*949 On July 29, 1954 the defendant moved, for the third time, for a writ of error coram nobis, based on the same facts alleged in his prior applications, and that motion was again denied by Judge Geller on October 18, 1954. (N. Y. L. J., Oct. 18, 1954, p. 9, col. 2.)
The present application does not present any facts to the court, not previously presented. The grounds urged by the defendant are merely repetitious of those asserted on the three prior motions, except that the defendant asks that his conviction be set aside that he may plead to the crime of manslaughter in the first degree. That is not a proper ground for the granting of coram nobis.
For the reasons assigned in Judge Geller’s opinion of November 17, 1953, the present application is in all respects denied.